**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

SURGERY CENTER OF MOUNT DORA, LLC,

Debtor.
_______________________________________/

Case No. 6:25-bk-00067-LVV
Chapter 7

**TRUSTEE'S SECOND OMNIBUS MOTION TO APPROVE COMPROMISES AND SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Clerk of Court, United States Bankruptcy Court, Middle District of Florida, Orlando Division, 400 W. Washington Street, Suite 5100, Orlando, Florida 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Arvind Mahendru, the duly appointed chapter 7 trustee (the Trustee) for the bankruptcy estate of Surgery Center of Mount Dora, LLC (the Debtor), by and through undersigned counsel, moves (the Motion) for entry of an order under Federal Rule of Bankruptcy Procedure 9019 and

Local Rule 2002-4 approving three compromises with Innovative Medical Staffing Solutions, Inc. (iMed), Aire Tech Mechanical Services, Inc. (Aire Tech), and Sound Images Florida, Inc. (Sound Images) (collectively, the Settlements). The iMed and Sound Images Settlements are memorialized in agreements executed by the respective settling parties. Public-filing copies of those agreements, with confidential payment instructions omitted, will be appended as **<u>Exhibits B</u>** and **<u>C</u>**, respectively (the iMed Agreement and the Sound Agreement). The Aire Tech Settlement is reflected in accepted written communications; no unexecuted long-form agreement is attached or incorporated. The Trustee requests approval of the Settlements on the terms stated in this Motion, **<u>Exhibit A</u>**, and, as applicable, the executed agreements. In support, the Trustee states:

## JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), including subsections (A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

On January 7, 2025, the Debtor commenced this bankruptcy case (the Case) by filing a petition for relief under chapter 11 of title 11 of the United States Code (the Bankruptcy Code). The Court converted the Case to chapter 7 on March 18, 2025, and the Trustee was appointed to administer the estate. In the exercise of his statutory duties, the Trustee investigated and pursued actions to avoid and recover alleged preferential transfers under Bankruptcy Code §§ 544 through 550, including §§ 547 and 550.

On March 2, 2026, the Court entered its order (Doc. 124) approving the Trustee's First Omnibus Motion to Approve Compromises and Settlements. After further arm's-length negotiations, the Trustee reached the three additional Settlements addressed here. The iMed

Agreement and the Sound Agreement have been executed by the respective settling parties. The Aire Tech compromise is reflected in accepted written communications. Each Settlement remains subject to this Court's approval. The Trustee seeks approval because the Settlements are fair, equitable, and in the best interests of the estate.

## SUMMARY OF SETTLEMENTS

The material economic terms of the Settlements are summarized on Exhibit A and supplemented below. These descriptions distinguish the executed iMed and Sound Images agreements from the Aire Tech compromise, for which no unexecuted long-form document is incorporated.

**Innovative Medical Staffing Solutions, Inc. — $30,000.00**

iMed will pay $30,000.00 within thirty business days after the later of entry of the order approving the Settlement and its receipt of the required tax form and payment instructions. After entry of the approval order and receipt of cleared funds, the Trustee will dismiss Adv. Pro. No. 6:25-ap-00124-LVV with prejudice in accordance with the iMed Agreement. The iMed Agreement provides mutual general releases, preserves the parties 'obligations under that agreement, and includes iMed's waiver of any claim under 11 U.S.C. § 502(h) and Fed. R. Bankr. P. 3002(c)(3) based on the Settlement payment. A public-filing copy of the iMed Agreement will be appended as Exhibit B; its confidential payment-instruction page is intentionally omitted.

**Aire Tech Mechanical Services, Inc. — $5,000.00**

Aire Tech will pay $5,000.00 in full compromise of the claim in Adv. Pro. No. 6:25-ap-00118-LVV. After entry of the approval order and receipt of cleared funds, the Trustee will dismiss that adversary proceeding with prejudice and release the estate's chapter 5 avoidance and recovery

claims against Aire Tech arising from the transfers at issue. The Clerk entered default on March 25, 2026; absent the Settlement, further default-judgment and collection work would be required. The Settlement also authorizes the Trustee to withdraw or otherwise resolve any pending default-related request as necessary to close the adversary proceeding.

**Sound Images Florida, Inc. — $9,000.00**

Sound Images will pay $9,000.00 within thirty business days after the later of its receipt of a required tax form and payment instructions and full execution of the Sound Agreement. The funds are to be held in trust pending Court approval. After entry of the approval order and receipt of cleared funds, the Trustee will dismiss Adv. Pro. No. 6:25-ap-00128-LVV with prejudice, release the estate's chapter 5 claims against Sound Images arising from the transfers at issue, and withdraw or otherwise resolve the default-judgment request. Sound Images was in default and the Trustee pursued default-judgment relief, but further judgment and collection work remained. A public-filing copy will be appended as Exhibit C and its confidential payment-instruction page is intentionally omitted.

**Reservation and Implementation**

The Court is asked to approve only the terms stated in this Motion and Exhibit A, the iMed Agreement to be appended as Exhibit B, and the Sound Agreement to be appended as Exhibit C. No unexecuted Aire Tech long-form draft is incorporated. Nothing in this Motion or any approval order releases claims against a nonsettling person or entity, releases any third party's claims, or impairs any obligation under an approved Settlement.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement proposed by the trustee. A settlement need not be the best possible outcome for the estate; the Court evaluates whether the compromise is fair, equitable, and within the range of reasonableness. In the Eleventh Circuit, courts consider: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation, and the attendant expense, inconvenience, and delay; and (4) the paramount interests of creditors and proper deference to their reasonable views. See *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

## BASIS TO APPROVE COMPROMISE

The Trustee respectfully submits that each Settlement, and the Settlements as a group, is fair, equitable, and in the best interests of the estate. The Settlements were negotiated at arm’s length with non-insider counterparties. iMed disputed liability and asserted defenses and although defaults were entered in the Aire Tech and Sound Images adversary proceedings, further default-judgment and collection work would be required absent settlement. Continued litigation or default enforcement would require additional motion practice, discovery or evidentiary work, collection efforts, expense, and delay, with no assurance of a better net recovery. The Settlements provide aggregate gross proceeds of $44,000.00 without those risks and costs. They fall within the range of reasonableness and serve the paramount interests of creditors.

## NOTICE

The Trustee will serve this Motion on all creditors, the United States Trustee, the Debtor, the settling parties through counsel, and all other entities required by Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019, Local Rule 2002-4, and any applicable order. This Motion is being

served using the negative-notice procedure with a 21-day response period, plus three days because service on some recipients will be made by U.S. Mail, as reflected in the legend on the first page.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (a) approving the three Settlements pursuant to Fed. R. Bankr. P. 9019 on the terms stated in this Motion and Exhibit A, and approving the iMed Agreement and Sound Agreement to be appended as Exhibits B and C, respectively; (b) authorizing the Trustee to execute documents consistent with the approved terms and to take all actions reasonably necessary to consummate the Settlements; (c) authorizing the Trustee, after entry of the approval order and receipt of the applicable cleared Settlement payment, to dismiss the corresponding adversary proceeding with prejudice and to file any notice, agreed order, withdrawal, or satisfaction consistent with the approved Settlement; and (d) granting such other and further relief as the Court deems just and proper.

Dated: July 30, 2026

Respectfully submitted:

*/s/ Keenan D. Smith*
Paul N. Mascia, Esq.
Florida Bar No. 0489670
Keenan D. Smith, Esq.
Florida Bar No. 1040675
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Suite 300
Orlando, FL 32801
(407) 966-2680
Primary Emails: pmascia@nardellalaw.com; ksmith@nardellalaw.com
Secondary Email: klynch@nardellalaw.com

*Attorneys for Chapter 7 Trustee Arvind Mahendru*

**PROOF OF SERVICE**

I certify that on July 30, 2026, a true and correct copy of the foregoing Motion was served through CM/ECF on all registered users and by first-class U.S. Mail on the Debtor, all creditors,

and all other non-CM/ECF recipients listed on the current CM/ECF mailing matrix generated at the time of service, a copy of which is attached to this proof of service. The Motion was also furnished by email to counsel for the settling parties as follows: Catherine R. Choe and Justin M. Luna, Latham Luna, 201 S. Orange Avenue, Suite 1400, Orlando, FL 32801, cchoe@lathamluna.com and jluna@lathamluna.com (iMed); Jack M. Brennan, GrayRobinson, P.A., 301 E. Pine Street, Suite 1400, Orlando, FL 32801, jack.brennan@gray-robinson.com (Aire Tech); and Khaleel N. Martin and Christian R. Leto, Olive Judd, P.A., 337 S. Plant Avenue, Tampa, FL 33606, kmartin@olivejudd.com and cleto@olivejudd.com (Sound Images).

*/s/ Keenan D. Smith*
Keenan D. Smith, Esq.

**EXHIBIT A**

Summary of Compromises and Settlements

| Counterparty | Adversary Proceeding | Alleged Claim Amount | Settlement Amount |
|---|---|---|---|
| Innovative Medical Staffing Solutions, Inc. | 6:25-ap-00124-LVV | $110,607.89 | $30,000.00 |
| Aire Tech Mechanical Services, Inc. | 6:25-ap-00118-LVV | $11,000.00 | $5,000.00 |
| Sound Images Florida, Inc. | 6:25-ap-00128-LVV | $12,000.00 | $9,000.00 |

# EXHIBIT B

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of __________, 2026 (the "Agreement Date") by and between Arvind Mahendru, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Surgery Center of Mount Dora, LLC (the "Debtor") and Innovative Medical Staffing Solutions, Inc. ("Defendant"). The Trustee and Defendant are referred to collectively as the "Parties" and each individually as a "Party."

## Recitals

WHEREAS, on January 7, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court"), designated as Case No. 6:25-bk-00067-LVV, and the case was converted to chapter 7 on March 24, 2025;

WHEREAS, Arvind Mahendru is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate");

WHEREAS, documents obtained by the Trustee indicate that in the 90-day period prior to the Petition Date (the "Preference Period"), Defendant received transfers of funds from the Debtor in the total amount of $110,607.89 (the "Transfers");

WHEREAS, the Trustee commenced adversary proceeding number 6:25-ap-00124-LVV against Defendant seeking to avoid and recover the Transfers (the "Adversary Proceeding"), and thereafter, with leave of the Bankruptcy Court, filed a First Amended Complaint in the Adversary Proceeding;

WHEREAS, Defendant denies liability with respect to the Transfers and asserts various defenses to the Trustee's claims to avoid and recover the Transfers; and

WHEREAS, after consideration of the merits of the Trustee's claims and Defendant's defenses, and in order to avoid the potential costs, risks, and delay of litigation, the Parties have agreed to resolve their disputes and claims relating to the Transfers on the terms and subject to the conditions set forth in this Agreement.

## Agreement

NOW, THEREFORE, in consideration of the mutual undertakings set forth below, the Parties agree as follows:

1. The recitals set forth in the "Whereas" clauses above are incorporated herein in full by this reference. Pursuant to the wire instructions set forth in Exhibit A, Defendant will pay the amount of thirty thousand dollars and no cents ($30,000.00) (the "Settlement Amount") to Nardella & Nardella, PLLC as attorneys for Arvind Mahendru, Chapter 7 trustee, on or before thirty (30) business days from the later of (i) receipt by Defendant of an appropriate W-9 and applicable payment instructions and (ii) entry of the Approval Order (as defined below). Time is of the essence with respect to the Defendant's payment obligations.

2. Defendant waives its right under section 502(h) of the Bankruptcy Code and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim against the Estate for the Settlement Amount.

3. Upon entry of the Approval Order (defined below), and the Trustee's receipt of the Settlement Amount as provided herein, the Trustee will dismiss the Adversary Proceeding with prejudice. The Trustee may exercise his reasonable discretion with respect to the timing for the filing of the dismissal of the Adversary Proceeding in order to best protect the interests of the Estate. Notwithstanding the foregoing, Trustee agrees that after receiving the Settlement Amount, the dismissal of the Adversary Proceeding shall occur within fourteen (14) days after the entry of the Approval Order.

4. Upon entry of the Approval Order (defined below), and the Trustee's receipt of the Settlement Amount as provided herein, the Parties shall exchange the following mutual general releases: (a) the Trustee, on behalf of himself and the Estate, and all of his and its successors and assigns, hereby releases, acquits and forever discharges the Defendant, and its present or former parent entities, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective legal representatives, officers, directors, employees, agents, accountants, managers, members, and attorneys, from any and all obligations, claims, interests, judgments, debts, damages, actions, suits, causes of action, rights, liens, liabilities and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, that the Trustee or the Estate ever had, now has, or hereafter can, shall, or may have against the Defendant from the beginning of time through the Agreement Date, including without limitation the Transfers and the claims that were or could have been asserted in the Adversary Proceeding; and (b) the Defendant, on behalf of itself and all of its successors and assigns, hereby releases, acquits and forever discharges the Trustee, the Estate, and the Debtor, and each of their respective successors and assigns, legal representatives, officers, employees, professionals, agents, accountants, and attorneys, from any and all obligations, claims, interests, judgments, debts, damages, actions, suits, causes of action, rights, liens, liabilities and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, that the Defendant ever had, now has, or hereafter can, shall, or may have against the Trustee, the Estate, or the Debtor from the beginning of time through the Agreement Date, including without limitation any claim relating to the Transfers or the Adversary Proceeding. Notwithstanding the foregoing, these releases do not release, waive, or diminish any obligation of a Party under this Agreement.

5. Each Party shall bear its own attorneys' fees, costs, and expenses incurred in connection with the Adversary Proceeding and the negotiation, preparation, and execution of this Agreement.

6. No amendment, waiver or delay to enforce any provision of this Agreement shall be deemed a modification of this Agreement until it is set forth in a written agreement signed by all of the Parties.

7. The Parties acknowledge that this Agreement is a compromise of the claims asserted in the Adversary Proceeding and that the Settlement Amount represents the Trustee's consideration for resolving the Adversary Proceeding without the need for further proceedings.

8. Except as otherwise set forth in this Agreement, the Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or

statement made by any Party or any of their agents, shareholders, representatives, or attorneys, with regard to the subject matter, basis, or effect of this Agreement.

9. The Parties further declare that, in making this Agreement, they have relied entirely upon their own judgment, beliefs, and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Agreement and, if so desired, to consult with counsel.

10. Should any provision(s) of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement. If the release contained in paragraph 5 hereof is declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then the Parties shall negotiate and execute an amended release provision.

11. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. The Parties agree that no rule of construction shall apply to this Agreement construing its provisions in favor of or against either of the Parties.

12. No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, administrators, and assigns.

14. Neither this Agreement nor any of the rights and benefits arising under it may be assigned without the prior written consent of all of the Parties.

15. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Florida, without regard to the conflict of laws principles of the State of Florida. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waives any right to commence any such action in any other forum.

16. This Agreement may be executed in one or more counterparts, including by email, PDF, or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. Each person signing this Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to bind such Party to the terms and conditions of this Agreement.

18. This Agreement's effectiveness is subject to an order entered by the Bankruptcy Court approving this Agreement in accordance with Fed. R. Bankr. P. 9019 (the "Approval Order"). Promptly after the Parties have executed this Agreement, the Trustee will file papers with the Bankruptcy Court (the "9019 Motion") to obtain entry of the Approval Order. Defendant

acknowledges and understands that the Trustee may refrain from seeking entry of the Approval Order until such time as he has determined that doing so can be done efficiently and in a cost-effective manner. In the event that the Trustee fails to file the 9019 Motion within sixty (60) days, the Defendant may terminate this Agreement after which this Agreement shall be null and void and the Trustee shall promptly return any payment received from Defendant. In the event that the Bankruptcy Court denies the 9019 Motion with respect to this Agreement, the Trustee shall promptly thereafter return any payment received from Defendant, and this Agreement shall be null and void.

IN WITNESS WHEREOF, the Parties have each caused this Agreement to be executed by themselves, or their respective authorized agent, as of the date first written above.

INNOVATIVE MEDICAL STAFFING SOLUTIONS, INC.

By: ______________________________

Name: Vikas Khanna

Title: CEO

Date: June 24, 2026

ARVIND MAHENDRU, not individually, but solely in his capacity as the chapter 7 trustee of the bankruptcy estate of Surgery Center of Mount Dora, LLC

By: Arvind Mahendru

Arvind Mahendru, Chapter 7 Trustee

Date: July 14, 2026

NARDELLA & NARDELLA, PLLC

By: ______________________________

Keenan D. Smith, Esq.
Florida Bar No. 1040675
Counsel for Arvind Mahendru, Chapter 7 Trustee

Date: ______________________________

# EXHIBIT C

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of July 23, 2026 (the "Agreement Date") by and between Arvind Mahendru, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Surgery Center of Mount Dora, LLC (the "Debtor") and Sound Images Florida, Inc. ("Defendant"). The Trustee and Defendant are referred to collectively as the "Parties" and each individually as a "Party."

## Recitals

**WHEREAS**, on January 7, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (the "Bankruptcy Court"), designated as Case No. 6:25-bk-00067-LVV, and the case was converted to chapter 7 on March 24, 2025;

**WHEREAS**, Arvind Mahendru is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate");

**WHEREAS**, documents obtained by the Trustee indicate that in the 90-day period prior to the Petition Date (the "Preference Period"), Defendant received transfers of funds from the Debtor in the total amount of $12,000.00 (the "Transfers");

**WHEREAS**, the Trustee commenced adversary proceeding number 6:25-ap-00128-LVV against Defendant seeking to avoid and recover the Transfers (the "Adversary Proceeding");

**WHEREAS,** Defendant was served with the summons and complaint but failed to answer or otherwise respond, and the Clerk of the Bankruptcy Court entered default against Defendant on November 24, 2025 (Doc. 7) (the "Clerk's Default"); and

**WHEREAS,** the Trustee filed a Motion for Default Judgment and Declaration of Arvind Mahendru, and Defendant, through Khaleel Martin, has proposed to settle the Adversary Proceeding for an amount less than the full amount of the Transfers, and the Trustee, after consideration of the costs, risks, and delay associated with further proceedings, has agreed to accept such settlement on the terms and subject to the conditions set forth in this Agreement.

## Agreement

**NOW, THEREFORE**, in consideration of the mutual undertakings set forth below, the Parties agree as follows:

1. The recitals set forth in the "Whereas" clauses above are incorporated herein in full by this reference.

2. Pursuant to the wire instructions set forth in Exhibit A, Defendant will pay the amount of nine thousand dollars and no cents ($9,000.00) (the "Settlement Amount") to Nardella & Nardella, PLLC as attorneys for Arvind Mahendru, Chapter 7 trustee, on or before thirty (30) business days from the later of (i) receipt by Defendant of an appropriate W-9 and applicable payment instructions and (ii) the date of full execution of this Agreement. The Settlement Amount will be held in trust by the Trustee's attorneys until entry of an Approval Order (as defined below). Time is of the essence with respect to the Defendant's payment obligations.

3. Defendant waives its right under section 502(h) of the Bankruptcy Code and Fed. R. Bankr. P. 3002(c)(3) to file a proof of claim against the Estate for the Settlement Amount. For the avoidance of doubt, nothing herein shall release or prejudice any claim scheduled by the Debtor as owed to the Defendant or any timely proof of claim previously filed by the Defendant.

4. Upon entry of the Approval Order (defined below), and the Trustee's receipt of the Settlement Amount as provided herein, the Trustee will dismiss the Adversary Proceeding with prejudice. The Trustee may exercise his reasonable discretion with respect to the timing for the filing of the dismissal of the Adversary Proceeding in order to best protect the interests of the Estate. Notwithstanding the foregoing, Trustee agrees that after receiving the Settlement Amount, the dismissal of the Adversary Proceeding shall occur within fourteen (14) days after the entry of the Approval Order. The Trustee will also withdraw any pending Motion for Default Judgment in the Adversary Proceeding. If a Default Judgment has been entered in the Adversary Proceeding prior to the date of dismissal, the Trustee shall file a satisfaction of judgment with the Bankruptcy Court within fourteen (14) days after entry of the Approval Order and receipt of the Settlement Amount.

5. Upon entry of the Approval Order (defined below), and Trustee's receipt of the Settlement Amount as provided herein, the Trustee and all of his successors and assigns hereby releases, acquits and forever discharges the Defendant, and its present or former parent entities, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective legal representatives, officers, directors, employees, agents, accountants, managers, attorneys and all other legally associated persons or entities, from any and all obligations, claims, interests, judgments, debts, damages, actions suits, causes of action,

rights, liens, liabilities and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, arising out of, by reason of, or relating to chapter 5 of the Bankruptcy Code to the fullest extent authorized by applicable law.

6. No amendment, waiver or delay to enforce any provision of this Agreement shall be deemed a modification of this Agreement until it is set forth in a written agreement signed by all of the Parties.

7. The Parties acknowledge that this Agreement is a compromise of the claims asserted in the Adversary Proceeding and that the Settlement Amount represents the Trustee's consideration for resolving the Adversary Proceeding without the need for further proceedings.

8. Except as otherwise set forth in this Agreement, the Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives, or attorneys, with regard to the subject matter, basis, or effect of this Agreement.

9. The Parties further declare that, in making this Agreement, they have relied entirely upon their own judgment, beliefs, and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Agreement and, if so desired, to consult with counsel.

10. Should any provision(s) of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement. If the release contained in paragraph 5 hereof is declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then the Parties shall negotiate and execute an amended release provision.

11. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. The Parties agree that no rule of construction shall apply to this Agreement construing its provisions in favor of or against either of the Parties.

12. No modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

13. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors, administrators, and assigns.

14. Neither this Agreement nor any of the rights and benefits arising under it may be assigned without the prior written consent of all of the Parties.

15. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Florida, without regard to the conflict of laws principles of the State of Florida. Each of the Parties hereby irrevocably consents to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Agreement and expressly waives any right to commence any such action in any other forum.

16. This Agreement may be executed in one or more counterparts, including by email, PDF, or facsimile, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

17. Each person signing this Agreement represents and warrants that he or she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to bind such Party to the terms and conditions of this Agreement.

18. This Agreement's effectiveness is subject to an order entered by the Bankruptcy Court approving this Agreement in accordance with Fed. R. Bankr. P. 9019 (the "Approval Order"). Promptly after the Parties have executed this Agreement, the Trustee will file papers with the Bankruptcy Court (the "9019 Motion") to obtain entry of the Approval Order. Defendant acknowledges and understands that the Trustee may refrain from seeking entry of the Approval Order until such time as he has determined that doing so can be done efficiently and in a cost-effective manner. In the event that the Trustee fails to file the 9019 Motion within sixty (60) days, the Defendant may terminate this Agreement after which this Agreement shall be null and void and the Trustee shall promptly return any payment received from Defendant. In the event that the Bankruptcy Court denies the 9019 Motion with respect to this Agreement, the Trustee shall promptly thereafter return any payment received from Defendant, and this Agreement shall be null and void.

IN WITNESS WHEREOF, the Parties have each caused this Agreement to be executed by themselves, or their respective authorized agent, as of the date first written above.

**SOUND IMAGES FLORIDA, INC.**

By: M M Vick III

Name: Maurice M. Vick III

Title: President/Owner

Date: 7-23-26

**ARVIND MAHENDRU, not individually, but solely in his capacity as the chapter 7 trustee of the bankruptcy estate of Surgery Center of Mount Dora, LLC**

By: ______________________________

Arvind Mahendru, Chapter 7 Trustee

Date: ______________________________

IN WITNESS WHEREOF, the Parties have each caused this Agreement to be executed by themselves, or their respective authorized agent, as of the date first written above.

**SOUND IMAGES FLORIDA, INC.**

By: ______________________________

Name: ____________________________

Title: ____________________________

Date: _____________________________

**ARVIND MAHENDRU, not individually, but solely in his capacity as the chapter 7 trustee of the bankruptcy estate of Surgery Center of Mount Dora, LLC**

By: ______________________________

Arvind Mahendru, Chapter 7 Trustee

Date: 4/11/26

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:25-bk-00067-LVV<br>Middle District of Florida<br>Orlando<br>Wed Jul 29 12:42:28 EDT 2026 | Robert H Ewald<br>Ewald Enterprises, Inc.<br>12472 Lake Underhill Road<br>Suite 312<br>Orlando, FL 32828-7144 | GAHC3 Mount Dora FL MOB, LLC<br>c/o Eric D. Jacobs<br>Venable LLP<br>100 N Tampa Street<br>Suite 2600<br>Tampa, FL 33602-5810 |
| Johnson & Johnson Health Care Systems, Inc.<br>CT Corporation Systems, Reg Agent<br>1200 South Pine Island Road<br>Plantation, FL 33324-4413 | Paul N Mascia<br>Nardella & Nardella, PLLC<br>135 W. Central Blvd<br>Suite 300<br>Orlando, FL 32801-2435 | Emerson C Noble<br>Noble & Noble, P.A.<br>2572 W. State Road 426<br>Suite 3016,<br>Oviedo, FL 32765-8389 |
| Surgery Center of Mount Dora LLC<br>3710 Lake Center Dr<br>Mount Dora, FL 32757-2316 | ABBOTT ST JUDE MEDICAL<br>22400 NETWORK PLACE,<br>Chicago, IL 60673-1224 | ACCLARENT<br>PO BOX 404129,<br>Atlanta, GA 30384-4129 |
| ACUMED<br>7995 COLLECTION CENTER DRIVE<br>Chicago, IL 60693-0001 | ADVANCED STERILIZATION<br>PRODUTS SERVICES, INC.<br>PO BOX 74007359<br>Chicago, IL 60674-7359 | AIRETECH MECHANICAL SERVICES<br>5507 FORCE FOUR PARKWAY<br>Orlando, FL 32839-2969 |
| AIRGAS USA LLC<br>2015 VAUGHN RD NW SUITE 400<br>2015 VAUGHN RD NW SUITE 400<br>KENNESAW, GA 30144-7802 | AIRGAS USA, LLC<br>PO BOX 734672<br>Dallas, TX 75373-4672 | ANESTHESIA EQUIPMENT SUPPLY<br>PO BOX 358<br>Black Diamond, WA 98010-0358 |
| ARTHREX<br>PO BOX 403511,<br>Atlanta, GA 30384-3511 | Aire Tech Mechanical Services<br>5507 Force Four Parkway<br>Orlando, FL 32839-2969 | Arthrex Inc.<br>14550 Plantation Rd<br>Fort Meyers, FL 33912-4328 |
| BAXTER HEALTHCARE CORP<br>PO BOX 70564<br>Chicago, IL 60673-0564 | BIOMET SPORTS MEDICINE<br>PO BOX 277530,<br>Atlanta, GA 30384-7530 | BOSTON SCIENTIFIC CORPORATIO<br>PO BOX 951653,<br>Dallas, TX 75395-1653 |
| BREG, INC.<br>PO BOX 849991<br>Dallas, TX 75284-9991 | BUSINESS TECHS INC<br>421 N PALMETTO STREET<br>Leesburg, FL 34748-5214 | C. R. BARD INC.<br>PO BOX 75767<br>Charlotte, NC 28275-0767 |
| CARDINAL HEALTH<br>5303 COLLECTIONS CENTER DR,<br>Chicago, IL 60693-0001 | CARDINAL HEALTH MEDICAL<br>PRODUCTS AND SERVICES<br>PO BOX 70539<br>Chicago, IL 60673-0539 | CARDINALHEALTH MEDICAL<br>PRODUCTS AND SERVICES<br>PO BOX 730112<br>Dallas, TX 75373-0112 |
| COMMFUSION INC<br>14502 N DALE MABRY HWY<br>SUITE 200<br>Tampa, FL 33618-2040 | Danielle Mason Anderson<br>277 S. Rose Street, Suite 6000<br>Kalamazoo, MI 49007-4734 | FEDEX<br>PO BOX 660481<br>Dallas, TX 75266-0481 |

FLORIDA RISK MANAGEMENT
CONSULTANT SERVICES
910 HICKORY FORK DRIVE
Seffner, FL 33584-4756

FORTEC MEDICAL INC
6245 HUDSON CROSSING PKWY,
Hudson, OH 44236-4348

FORTEC MEDICAL, INC.
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Road, Suite 200
INDEPENDENCE, OH 44131-2191

FUTURE HEALTH CONCEPTS INC
1211 30TH STREET
Sanford, FL 32773-9373

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

GAHC3 Mount Dora FL MOB, LLC
33040 Collection Center DR
Chicago, IL 60693-0001

GAHC3 Mount Dora FL Mob LLC
c/o Eric D Jacobs Esq
100 N Tampa Street Suite 2600
Tampa FL 33602-5810

HOLOGIC INC
24506 NETWORK PLACE
Chicago, IL 60673-1245

Healthcare Systems & Technologies, LLC
3102 West End Avenue
Suite 400
3102 West End Avenue, Suite 400
Nashville, TN 37203-1623

Hologic, Inc.
c/o Richard E. Kruger
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8222

IMAGEFIRST HEALTHCARE LAUNDR
IMAGEFIRST SOUTHEAST REGION
PO 748385
Atlanta, GA 30374-8385

IMED SOLUTIONS
100 S ORANGE AVE, SUITE 800,
Orlando, FL 32801-3226

INVENTORY OPTIMIZATION
SOLUTIONS, LLD
PO BOX 842175,
Dallas, TX 75284-2175

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

J & J HEALTH CARE SYSTEMS IN
PO BOX 406663
Atlanta, GA 30384-6663

(p)LABORATORY CORPORATION OF AMERICA
ATTN GOVERNMENT AUDITS
PO BOX 2270
BURLINGTON NC 27216-2270

LANDAUER INC
PO BOX 809051
Chicago, IL 60680-9051

LEAL'S LANDSCAPING
PO BOX 571
Astatula, FL 34705-0571

LEVEL 3 COMMUNICATIONS LLC
PO BOX 910182
Denver, CO 80291-0182

LOWNDES, DROSDICK, DOSTER,
KANTOR & REED
PO BOX 2809,
Orlando, FL 32802-2809

Lake County Tax Collector
Post Office Box 327
Tavares FL 32778-0327

(p)LUMEN TECHNOLOGIES INC
931 14TH STREET 9TH FLOOR
DENVER CO 80202-2994

MCKESSON MEDICAL SURGICAL
PO BOX 933027,
Atlanta, GA 31193-3027

(p)MEDLINE INDUSTRIES INC
ATTN ANNE KISHA
ONE MEDLINE PL
MUNDELEIN IL 60060-4486

MEDTRONIC USA
PO BOX 409201
Atlanta, GA 30384-9201

MNET FINANCIAL INC
95 ARGONAUT, SUITE 200,
Aliso Viejo, CA 92656-4147

Medtronic USA
710 Medtronic Pkwy LS360
Minneapolis, MN 55432-5604

ODP Business Solutions, LLC
6600 N Military Trl
Boca Raton, FL 33496-2434

OFFICE DEPOT
PO BOX 88040
Chicago, IL 60680-1040

OLYMPUS AMERICA
DEPT 0600, PO BOX 120600,
Dallas, TX 75312-0600

OSSIO INC
300 TRADECENTER DRIVE
SUITE 3690
Woburn, MA 01801-7415

OSSIO, Inc
300 Tradecenter Dr
Suite 3690
300 Tradecenter Dr, Suite 3690
Woburn, MA 01801-7415

PHILIPS HEALTHCARE
PO BOX 100355
Atlanta, GA 30384-0355

PITNEY BOWES
PO BOX 981026,
Boston, MA 02298-1026

RITEWAY BUILDING SERVICES, I
7457 ALOMA AVENUE, SUITE 101
Winter Park, FL 32792-9172

Regions Bank
PO Box 10063
Birmingham, AL 35202-0063

Regions Bank
c/o Aaron J. Nash, Esq.
EVANS PETREE PC
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-1445

SHRED-IT USA - NEW YORK
28883 NETWORK PLACE
Chicago, IL 60673-1288

SOLUTIONS HQ, LLC
FOUR WESTBROOK CORP CTR
SUITE 430
Westchester, IL 60154-5735

(p)STERICYCLE INC
2355 WAUKEGAN ROAD
BANNOCKBURN IL 60015-1503

STERIS CORPORATION
PO BOX 676548,
Dallas, TX 75267-6548

STERIS INSTRUMENT MANAGEMENT
SERVICES INC
PO BOX 531809
Atlanta, GA 30353-1809

STRYKER ORTHOPAEDICS
325 CORPORATE DRIVE
Mahwah, NJ 07430-2006

STRYKER SALES CORPORATION
21343 NETWORK PLACE
Chicago, IL 60673-1213

SUCRAM MEDICATION MANAGEMENT
PO BOX 1885
Bunnell, FL 32110-1885

SURGICAL DIRECT
ATTN: ACCOUNTS RECEIVABLE
811 HARLEY STRICKLAND BLVD,
Orange City, FL 32763-7985

(p)SURGICAL INFORMATION SYSTEMS LLC
ATTN LEGAL DEPARTMENT
8000 AVALON BLVD SUITE 350
ALPHARETTA GA 30009-2471

SURGICAL PRODUCT SOLUTIONS,
PO BOX 645922
Pittsburgh, PA 15264-5257

Solutions HQ, LLC
Justin A. Heller, Esq.
Whiteman Osterman & Hanna, LLP
80 State Stree, 11th Floor
Albany, NY 12207-5015

Stryker Instruments
Miller Canfield
277 S. Rose Street, Suite 6000
Kalamazoo, MI, MI 49007-4734

Stryker Medical
Miller Canfield
277 S. Rose Street, Suite 6000
Kalamazoo, MI, MI 49007-4734

TRILLIANT SURGICAL, LTDD
727 N SHEPHERD DRIVE
SUITE 100
Houston, TX 77007-4772

Teleflex LLC
3015 Carrington Mill Blvd., 3S
Morrisville, NC 27560-5437

Teleflex Medical
3015 Carrington Mill Blvd., 3S
Morrisville, NC 27560-5437

(p)JOINT COMMISSION
ATTN COLLECTIONS DEPARTMENT
1 RENAISSANCE BOULEVARD
1 RENAISSANCE BOULEVARD
OAKBROOK TERRACE IL 60181-4294

Tobin, Reyes PLLC
225 NE Mizner Blvd
Suite 510
Boca Raton, FL 33432-4083

VERTOS MEDICAL INC
DEPT 0317, PO BOX 120317
Dallas, TX 75312-0317

WASTE CONNECTIONS OF FLORIDA
PO BOX 535233
Pittsburgh, PA 15253-5233

WAYSTAR INC
1311 SOLUTIONS CENTER
Chicago, IL 60677-1003

Wells Fargo Vendor Financial Services, LLC
801 Walnut Street MAC F0006-052
Des Moines, IA 50309-3606

Zimmer US, Inc. dba Zimmer Biomet
Kristen L. Perry
2323 Ross Avenue, Suite 1700
Dallas, TX 75201-2726

Joel M Aresty +
Joel M. Aresty, P.A.
309 1st Ave S
Tierra Verde, FL 33715-2231

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Jill E Kelso +
DOJ-Ust
400 W. Washington Street
Ste 1100
Orlando, FL 32801-2210

Arvind Mahendru +
5717 Red Bug Lake Road #284
Winter Springs, FL 32708-4957

Arvind Mahendru +
Arvind Mahendru, Chapter 7 Trustee
5717 Red Bug Lake Rd #284
Winter Springs, FL 32708-4957

Robert A Stiberman +
Stiberman Law PA
2601 Hollywood Boulevard
Hollywood, FL 33020-4840

Aaron J Nash +
Evans Petree
1715 Aaron Brenner Drive
Suite 800
Memphis, TN 38120-1445

Eric D Jacobs +
Venable LLP
100 N. Tampa Street
Suite 2600
Tampa, FL 33602-5810

Paul N Mascia +
Of Counsel for Nardella & Nardella, PLLC
135 West Central Boulevard, Suite 300
Orlando, FL 32801-2435

Lori V. Vaughan +
Orlando
, FL

Jonathan R. Weiss +
Squire Patton Boggs (US) LLP
200 South Biscayne Blvd.
Suite 4700
Miami, FL 33131-2398

Andrew Kruppa +
Squire Patton Boggs (US) LLP
200 South Biscayne Boulevard
Suite 3400
Miami, FL 33131-5323

Note: Entries with a '+' at the end of the name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

LABORATORY CORP OF AMERICA
PO BOX 12140
Burlington, NC 27216

Level 3 Communications, LLC a CenturyLink Co
Lumen Technologies Group
931 14th Street, 9th Floor (Attn: Legal-
Denver, CO 80202

MEDLINE INDUSTRIES, INC.
DEPT CH14400
Palatine, IL 60055

STERICYCLE, INC
PO BOX 6582,
Carol Stream, IL 60197

SURGICAL NOTES
3100 MONICELLO AVE
SUITE 450
Dallas, TX 75205

The Joint Commission
1 Renaissance Boulevard
Oakbrook Terrace, IL 60181

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Regions Bank

(d)Anesthesia Equipment Supply, Inc.
PO Box 358
Black Diamond, WA 98010-0358

(d)Arvind Mahendru +
Arvind Mahendru, Chapter 7 Trustee
5717 Red Bug Lake Rd #284
Winter Springs, FL 32708-4957

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 103 |
| Bypassed recipients | 3 |
| Total | 106 |